UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY GOODRUM,<br><br>                          Petitioner,<br><br>vs.<br><br>TIMOTHY E. BUSBY, Warden,<br><br>                          Respondent. | Civil No.      11-2262 IEG (JMA)<br><br>**ORDER DENYING AMENDED MOTION FOR RELIEF FROM JUDGMENT [ECF No. 35.]** |

Petitioner, Tony Goodrum (hereinafter "Petitioner"), filed an Amended Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) challenging the Court's dismissal of his Petition for Writ of Habeas Corpus in the present case. [ECF No. 35.] After reviewing Petitioner's Motion and Respondent's Response, the Court **DENIES** Petitioner's motion.

**I.     PROCEDURAL HISTORY**

Petitioner has filed two Petitions for Writ of Habeas Corpus pursuant 28 U.S.C. §2254 in this Court challenging his San Diego Superior Court conviction in case number SCD170068. On April 23, 2007, Petitioner filed a petition in case number 07cv0752. (*See* Petition *Goodrum v. Cate*, 07cv0752 IEG (JMA) Apr. 23, 2007.) While the petition was pending, Petitioner filed an application for leave to file a second or successive petition with the Ninth Circuit Court of Appeals. (*See* Application *Goodrum v. Kramer*, 07-72512 (Jun.

22, 2007).)  The Ninth Circuit denied Petitioner's application "without prejudice to refiling should petitioner receive an unfavorable disposition of the first petition that is currently pending in the district court."  (*See* Order *Goodrum v. Kramer*, 07-72512 Sep. 13, 2007.)  On September 6, 2008, this Court denied the petition in case number 07cv0752.  (*See* Order, *Goodrum v. Cate*, 07cv0752 IEG (JMA)  Nov. 12, 2008 [ECF No.  31].)   Petitioner filed a second application for leave to file a second or successive petition with the Ninth Circuit Court of Appeals on October 29, 2010, which was granted on August 31, 2011.  (*See* Application for Leave to File Successive Petition, *Goodrum v. Busby*, 10-73336, Oct. 29, 2010; Order *Goodrum v. Busby* 10-73336, Aug. 13, 2011.)

Following the Ninth Circuit's order, Petitioner filed a Petition for Writ of Habeas Corpus in this Court on September 23, 2011, which was amended on November 9, 2011, in which he argued that he was entitled to bring new claims challenging the state court conviction he previously challenged in this Court because he had newly discovered evidence to support claims of ineffective assistance of counsel and sentencing error.  [ECF Nos.  1, 10.]  On October 7, 2011, the parties were ordered by the Court to show cause as to whether the claims in the Petition met the requirements of 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition.  [ECF No.  3.]  On January 20, 2012, Respondent filed a Response to the Order to Show Cause, and after several extensions of time, Petitioner filed a Reply on April 10, 2012.  [ECF Nos.  16, 24.]   In his Reply, Petitioner stated that he was making claims of actual innocence, in addition to his other claims raised in the Petition, and contended he was entitled to move forward with this claim whether it was subject to the standard for successive petitions set forth in 28 U.S.C. § 2244(b) or the actual innocence exception enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995).  (Reply 9.)[1]

By Order dated June 13, 2012, the Court found that Petitioner did not satisfy the requirements of 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition, and alternately determined that Petitioner could not proceed on his actual innocence claim

---

[1] For ease of reference, the Court refers to the page numbers inserted by the Clerk's office electronic filing system.

under *Schlup*. [ECF No. 25.] The Court further denied Petitioner's request for discovery concerning law enforcement officers and denied his request for an evidentiary hearing. On July 9, 2012, Petitioner filed a Motion for Relief from Judgment, which he amended with leave of Court on August 10, 2012. [ECF Nos. 30, 35.] In response to Court order, Respondent filed a Response to the amended motion on September 27, 2012. [ECF No. 38.]

**II.     DISCUSSION**

The Federal Rules of Civil Procedure apply in federal habeas corpus cases to the extent they are consistent with the Rules Governing Habeas Corpus Petitions. See 28 U.S.C. § 2254 Rule 11; *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

*See* Fed.R.Civ.P. 60(b) (West 2012).

Petitioner does not specify under which subsection he brings his Rule 60(b) motion, however, he claims that "extraordinary circumstances" justify the reopening of his case. (Mot. 4.) It is well established under Rule 60(b)(6) that a petitioner seeking relief must show "extraordinary circumstances" to justify the reopening of a final judgment. *See Gonzalez*, 545 U.S. at 535. Therefore, the Court interprets the motion as seeking relief under Rule 60(b)(6). Courts rarely find that extraordinary circumstances exist in the habeas context. *Gonzalez*, 545 U.S. at 535; *see Klapprott v. United States,* 335 U.S. 601, 613-14 (1949) (Court determined extraordinary circumstances warranted relief from judgment

where petitioner's failure to defend himself in de-naturalization proceedings was due to his serious illness, incarceration, and lack of funds to hire a lawyer); *compare Ackerman v. United States*, 340 U.S. 193, 199-200 (1950) (relief from judgment denied because petitioner was not in jail, had funds to defend himself, was tried and yet inexcusably neglected to appeal.)  A petitioner may not use a motion for relief from judgment to circumvent the restraints on successive petitions to launch another attack on the state conviction, and instead the motion must only challenge the integrity of the previous habeas proceedings.  *See Gonzalez,* 545 U.S. at 532.

Petitioner argues that he is entitled to relief because the Court erroneously held that his admission to the act of justifiable homicide was an admission of guilt similar to the petitioner's admission of guilt in *Johnson v. Knowles*, 541 F.3d 933 (9th Cir. 2008), which barred him from moving forward with his actual innocence claim under *Schlup v. Delo*, 513 U.S. 298 (1995). (Mot. 5- 6, 18.)  Petitioner contends that his case is distinguishable from *Johnson* because justifiable homicide is not a degree of criminal homicide, the crime with which he was charged, unlike the situation in *Johnson* where petitioner admitted guilt of kidnapping, which was the crime with which he was charged.  Therefore, Goodrum contends the Court's reliance on *Johnson* was in error.  (*Id*. at 5-6, 9.)  Goodrum further argues that under *Schlup* the Court was required to determine what reasonable, properly instructed jurors would do in light of all the evidence, but instead, the Court "merely made findings of what the incorrectly instructed jury found," and did not resolve his instructional challenges beforehand.  (*Id*. at 18.)  It appears Goodrum contends that the Court did not consider all the evidence he produced in support of his claim of actual innocence, specifically statements from witnesses Howard Herring, Lloyd Griffin, Paulina Griffin, Millard Egan, and Lorraine Murray that contradicted their trial testimony, and additional evidence supporting his claim that various police officers committed misconduct.  (*Id*. at 10, 13-14.)

//

//

1  Respondent counters that the Court correctly held that Petitioner's new evidence did
2  not meet the *Schlup* standard because the evidence did not sufficiently demonstrate his
3  innocence. (Response 6.) Although Respondent concedes that Petitioner did not admit guilt
4  of an unlawful act, as did the petitioner in *Johnson*, Respondent argues that it makes no
5  difference to the outcome here because the Court "correctly determined that Goodrum's
6  new evidence did not meet the *Schlup* standard." (*Id.* at 7.)

7  Respondent is correct. The Court's conclusion that Petitioner was not allowed to
8  benefit from *Schlup's* actual innocence equitable exception was appropriately based on its
9  consideration of all the evidence, old and new, from which it determined that Petitioner
10 failed to show that it was "more likely than not that no reasonable juror would have
11 convicted him in light of the new evidence." *See Schlup*, 513 U.S. at 327. However,
12 Petitioner argues that the Court relied on *Johnson* in adjudicating his actual innocence
13 claim, and correctly notes that his case is not analogous to *Johnson*, because there the
14 petitioner conceded his guilt of the crime of kidnapping, with which he was charged, and
15 here, Petitioner did not concede his guilt of the charged crime.[2]

16 In a follow-up to its *Schlup* analysis, the Court stated "[j]ust as the petitioner in
17 *Johnson*, Petitioner here has admitted his guilt and therefore, fails to demonstrate he
18 suffered a miscarriage of justice." (*See* Order 19 in *Goodrum v. Busby*, 11cv2262 IEG
19 (JMA) [ECF No. 25.]) As indicated above, the Court did not rely on *Johnson* in
20 determining that Petitioner could not pass through the *Schlup* portal to pursue his actual
21 innocence claim. Instead, the Court found that Petitioner did not show that his was the
22 "extraordinary case" provided for by *Schlup*, in which a petitioner can put forth a credible
23 assertion of his innocence and cast doubt upon the contrary finding of guilt. *Schlup*, 513
24 U.S. at 321. "To ensure that the fundamental miscarriage of justice exception would

---

[2] Petitioner has consistently maintained that he acted in self-defense when he shot the victim and that this act was not criminal because justifiable homicide can include claims of self-defense under California Penal Code §197(2) which states "Homicide is ... justifiable when committed by any person in any of the following cases . . . When committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein." Cal. Penal. Code §197(2).

remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioners' innocence." *Schlup*, 513 U.S. at 321. Evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

> . . . none of the evidence available at trial, or contained within Petitioner's current pleadings, meets the more lenient *Schlup* standard. The evidence presented . . . in consideration with that at trial, fails to show that it was more likely than not no reasonable fact-finder would have found him guilty. While there was sufficient evidence indicating a metal pipe was found beneath the victim, witnesses provided contradictory information concerning whether Stamps held the pipe as he advanced on Petitioner.

(*See* Order 18 *Goodrum v. Busby*, 11cv2262 IEG (JMA) Aug. 1, 2012.)

As required under *Schlup*, the Court reviewed the newly proffered evidence including witness statements and evidence that law enforcement agents prevented witnesses from testifying at trial and noted that "Petitioner has not demonstrated that the information contained within Herring's affidavit about Stamps advancing toward Petitioner with a metal pipe at the time he was shot, and the alleged police department misconduct, would have tipped the balance to the extent that no reasonable factinder would have found him guilty of voluntary manslaughter." (*See* Order 14.) The reviewing court may "consider the probative force of relevant evidence that was either excluded or unavailable at trial" in determining whether a petitioner has met this standard. *Schlup,* 513 U.S. at 327-28. Similar contradictory statements were considered by the jury at trial, likely lending to their decision to find him guilty of voluntary manslaughter instead of murder. As the Court stated, "[m]orever, the victim was shot at close range as he approached Petitioner, and the jury declined to find Petitioner guilty of first or second degree murder, implicitly recognizing mitigating factors including self defense in its reduction of the conviction to

1  voluntary manslaughter." (*See* Order 18 *Goodrum v. Busby*, 11cv2262 IEG (JMA) Aug. 1,
2  2012.)  This Court concluded: "the evidence presented here, in consideration with that at
3  trial, fails to show it was more likely than not no reasonable fact-finder would have found
4  him guilty." (*Id.*)  It is clear that the Court properly applied *Schlup* when considering
5  whether Petitioner could proceed on his actual innocence claims, and its reference to
6  *Johnson* was not determinative of that matter.

7        Petitioner further contends that the Court did not conduct a proper analysis under
8  *Schlup* because it was required to make a probabilistic determination of what a properly
9  instructed jury would do when deciding if Petitioner produced sufficient evidence to erode
10 the Court's confidence in the verdict, but here the jury was not properly instructed.[3]
11 Therefore, according to Petitioner, the Court's conclusion that it had confidence in the
12 verdict was based on what the incorrectly instructed jury found. (Mot. 13, 15.)  Petitioner
13 raised claims of jury instruction error in his prior writ of habeas corpus petition filed in this
14 Court in case number 07cv0752, which the Court denied on the merits on September 6,
15 2008. (*See* Order Adopting Report & Recommendation, *Goodrum v. Cate* 07cv0752 IEG
16 (JMA) [ECF No. 31.])  In that case, the Court found that the jury was properly instructed
17 on Goodrum's theory of self-defense.  To the extent Petitioner is attempting to raise a new
18 challenge to the jury instructions given during his trial, the Court will not consider this
19 argument.  *See Gonzalez*, 545 U.S. at 532 (A motion for reconsideration is not an
20 opportunity to circumvent the restraints on successive petitions to launch another attack on
21 the state conviction).

22       Alternatively, if Petitioner is contending that the Court did not properly apply *Schlup*
23 he is again mistaken.  Under *Schlup,* "[t]he district court must make a probabilistic
24 determination about what reasonable, properly instructed jurors would do, and it is
25 presumed that a reasonable juror would consider fairly all of the evidence presented and
26 would conscientiously obey the trial court's instructions requiring proof beyond a

27

---

28  [3]Petitioner claims the jury was not properly instructed because the trial court refused to instruct the jurors regarding defense of domicile, self defense during a sudden quarrel, and improperly instructed the jury that "self defense is still a crime, voluntary manslaughter." (Mot. 13.)

reasonable doubt." *Schlup*, 513 U.S. at 329.  In analyzing Petitioner's claim of actual innocence, the Court determined that a properly instructed jury, presented with all the evidence, including Herring's affidavit and the evidence of conflicting testimony from law enforcement officials and various witnesses acquired after trial, would not have returned a different verdict, finding "[t]he evidence presented here, in consideration with that at trial, fails to show that it was more likely than not no reasonable fact-finder would have found him guilty."  (Order 18.)  Accordingly, Petitioner's argument is without merit.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court finds Petitioner has failed to demonstrate extraordinary circumstances exist entitling him to relief and **DENIES** his Motion for Relief from Judgment pursuant to Rule 60(b).

**DATED:** October 23, 2012

_____
Hon. Irma E. Gonzalez
**UNITED STATES DISTRICT JUDGE**